UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AUGUST J. LEVERT JR. FAMILY, LLC, ET AL. | CIVIL ACTION |
| VERSUS | |
| BP AMERICA PRODUCTION COMPANY | NO. 19-00623-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Remand (Doc. 22)** submitted by Plaintiffs August J. Levert, Jr. Family LLC (the "Levert LLC"), Ronald R. Levert, Paul M. Levert, Mark W. Levert, Jr., John E. Sanford, James L. Sanford, and Campo E. Maten. The Motion is opposed. (Doc. 26). The Magistrate Judge issued a **Report and Recommendation (Doc. 32)**, recommending that the Court grant Plaintiffs' Motion and return these consolidated actions to the 18th Judicial District Court, Iberville Parish, Louisiana. Defendants BP America Production Company, Union Texas International Corporation, Chevron U.S.A. Inc., Key Production Company, Atlantic Richfield Company, and Nova Chemicals Olefins, LLC object to the Report and Recommendation. (Doc. 33). For reasons explained below, the Court agrees with the Magistrate Judge's finding that Defendants have not met their burden of establishing by a preponderance of the evidence that the parties are of diverse citizenship and, accordingly, adopts the Magistrate's decision as its opinion here.

As explained by the Magistrate Judge, the dispositive issue is the membership

1

of Levert LLC. To establish federal jurisdiction—that is, to defeat Plaintiffs' Motion to Remand—Defendants must prove that each member of Levert LLC is diverse from Defendants. *See PCS Nitrogen Fertilizer, L.P. v. Providence Eng'g & Envt Grp., LLC*, No. 20-856, 2020 WL 7646381, at *1 (M.D. La. Dec. 23, 2020) (to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c)). And, because this dispute occurs at removal, Defendants must prove their case by a preponderance of the evidence—*i.e.*, "that it is more likely than not that [their] version of the facts is true." *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F.Supp. 3d 363, 384 n.9 (N.D. Tex. March 25, 2016). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (*citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Here, to establish diversity of citizenship, Defendants must prove that certain *non*-diverse individuals are *not* actually Levert LLC members, and therefore their citizenship does not apply to the diversity analysis. To do so, Defendants attempt to show that Levert LLC did not follow its own requirements for welcoming new members. Yet, the evidence Defendants have adduced falls far short of the preponderance standard. Indeed, several factors create substantial ambiguity regarding Levert LLC's actual membership, including which Operating Agreement provisions are applicable to which disputed nondiverse members, whether those

2

requirements were followed in each individual case, ambiguities within the Operating Agreements themselves, as well as the fact that, for years, Levert LLC has treated the disputed members as actual members.

In sum, Defendants task was a to prove a negative. They have not done it with sufficient certainty to convince the Court that diversity of citizenship is established. Thus, remand is required.[1]

Accordingly, having carefully considered the underlying Petition, the Motion at issue, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

**IT IS ORDERED** that Defendant's **Motion to Remand (Doc. 22)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Civil Action No. 19-623 be and is **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

**IT IS FURTHER ORDERED** that Civil Action No. 19-852 be and is **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

Baton Rouge, Louisiana, this 29th day of September, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Defendants' primary objection to the Report and Recommendation is that it "misapplies the standard for evaluating a motion to remand" by failing to "make factual findings concerning citizenship." (Doc. 33-1 at 3-4). The Court disagrees with Defendants' assignment of error. Of course, factual matters can be resolved at this stage. The problem here is a lack of *unambiguous* evidence: Defendants simply have *not* proved it is more likely than not that the disputed members are *not* members of Levert LLC.